IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
Aberdeen Division

| | | |
|---|---|---|
| **In re:** | : | **Case No. 08-10735-DWH** |
| **William Holyfield** | : | **Chapter 13** |
| **Debtor** | : | |
| _____ | : | |
| **L.V. Whitehead and Joyce Whitehead** | : | |
| **Plaintiffs,** | : | **AP No.** |
| v. | : | |
| **William Holyfield, Debtor** | : | |
| **Locke D. Barkley, Chapter 13 Trustee** | : | |
| **Unknown Tenants residing at 15082 Old Panola Road, Como, MS 38619** | : | |
| **William Wallace** | : | |
| **Defendants.** | : | |

**ACTION TO DETERMINE TITLE TO CERTAIN PERSONAL PROPERTY, FOR DELIVERY OF THE PERSONAL PROPERTY TO THE PLAINTIFFS,
FOR DAMAGES RELATING TO THE CONVERSION OF THE PERSONAL PROPERTY BY THE DEFENDANT AND TO DENY DISCHARGE OF A SPECIFIC DEBT**

This is an action to determine title to and obtain possession of a mobile home situated at 15082 Old Panola Road, Como MS 38619, ("the mobile home") which is listed on the Debtor's Schedule at Exhibit A. In addition, the plaintiffs seek damages arising from the Debtor's conversion of the mobile home, for willful violation of Joyce Whitehead's Chapter

1

13 Bankruptcy automatic stay and Mr. Whitehead's automatic stay as a co-debtor, for a constructive trust for lost rents and profits, and for a denial of discharge of such damages to the defendant.

## OVERVIEW

1. The Debtor claims title to a mobile home by way of a tax sale of real property that occurred in Panola County in 2002.

2. The Plaintiffs claim that the tax sale did not convey title to the mobile home, which was situated on the real property, but was the plaintiffs' personal property at the time of the sale.

3. The Debtor acting under color of title pursuant to the tax sale is currently leasing the mobile home to unknown defendants.

4. The Plaintiffs claim that the Debtor has willfully and wrongfully converted the mobile home to his own use for his own profit and benefit.

## PARTIES, JURISDICTION AND VENUE

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (G), (I), (M), and (O), as it is a proceeding to determine ownership of property asserted to belong to the Estate, and the dischargeability of certain debts.

6. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 105, 362, 507, 523, and 541.

7. The Debtor, William Holyfield, filed a petition for relief under Chapter 13 of Title 11 U.S.C. (the "Petition") on February 26, 2008. The Debtor has submitted himself to the jurisdiction of this court.

8. Locke D. Barkley was appointed Chapter 13 trustee on February 25, 2008. She is

named as a defendant solely in her representative capacity. Her address is P.O. Box 55829 Jackson, MS 39296-5829.

9. Current unknown tenants reside in the mobile home under a residential lease with the Debtor under color of title pursuant to the tax sale.

10. Current unknown tenants may be served with the summons and complaint at 15082 Old Panola Road, Como MS 38619.

11. William Wallace is a purported mortgagee of the Debtor, whose loan is secured by a deed of trust against the real property upon which the mobile home is situated.

12. William Wallace may be served with the summons and complaint personally or at his residence, 302 East Street, Como, MS 38619.

13. Plaintiff L.V. Whitehead is an adult resident of Mississippi, residing in Panola County.

14. Plaintiff Joyce Whitehead is an adult resident of Mississippi, residing in Panola County.

15. Venue is proper pursuant to 28 U.S.C. §1409 as arising in the Debtor's Chapter 13 case, Case No. 08-10735-DWH, which is pending in the Bankruptcy Court for the Northern District of Mississippi, Aberdeen Division.

16. The Debtor may be personally served or service may be left at his residence: 403 Railroad Street, Como MS 38619, or in care of his attorney C. Gaines Baker at C.G. Baker Building, Suite 1, 136 Public Square Batesville, MS 38606.

**OVERVIEW OF RELIEF SOUGHT**

17. Plaintiffs seek a declaration that ownership of the mobile home was never transferred to the Debtor.

18. Plaintiffs seek a declaration that ownership of the mobile home is, and has always been, vested in the Plaintiffs as joint tenants in personal property.

19. In the alternative, Plaintiffs seek a determination that notice of the sale of the mobile home was insufficient and that the alleged tax sale of that mobile home is void for lack of due process and failure to comply with the applicable procedures for such sale, which are mandatory under Mississippi Law.

20. Plaintiffs seek an order requiring that the Defendants take such steps as are required to clear title to the mobile home and remove any claims of the Debtor, the Bankruptcy Estate, and other third parties.

21. Plaintiffs seek an order requiring that the Defendants deliver possession of the mobile home to the Plaintiffs.

22. Plaintiffs seek damages from the Debtor for conversion of personal property, lost rents, profits, and use, and for interfering with their ownership of the mobile home, and other damages in the amount of $100,000.

23. Plaintiffs seek a determination that the Debtor knowingly and willfully violated Ms. Whitehead's Chapter 13 Bankruptcy stay and Mr. Whitehead's co-debtor stay in effect due to Ms. Whitehead's Chapter 13 petition filed on December 23, 2004, in the United States Bankruptcy Court for the Northern District of Mississippi. *In re Whitehead*, Case Number 04-18158.

24. Plaintiffs seek damages from the Debtor for willful violation of their Chapter 13 Bankruptcy Stays in an amount to be determined at trial, but no less than $20,000.

25. Plaintiffs seek a determination that any debts, including money judgments, which the Debtor might have to Plaintiffs arising out of the actions, which form the subject

matter of this suit, are not dischargeable.

26. Plaintiffs seek an order requiring the Trustee to turnover the mobile home from the bankruptcy estate to the possession of the Plaintiffs.

27. Plaintiffs seek an order disapproving the further leasing of the mobile home by the Debtor to third parties.

28. Plaintiffs seek an order that the Wallace Deed of Trust is unenforceable against the mobile home.

## COUNT I

### ACTION TO DETERMINE TITLE TO AND FOR DELIVERY OF THE MOBILE HOME TO THE PLAINTIFFS

29. The Debtor claims title to a mobile home situated on real property commonly known as 15082 Old Panola Road, Como MS 38619 (the "real property"). See Bankruptcy Schedule, Exhibit A.

30. The Debtor claims title to the mobile home through a quitclaim deed dated January 22, 2006 ("the quitclaim deed") and recorded among the land records of Panola County on January 29, 2007. See Quitclaim Deed, Exhibit B.

31. The quitclaim deed purportedly transferred ownership of the real property, from S&S Properties, LLC ("S&S") to the Debtor.

32. S&S allegedly purchased the real property from the Panola County Tax Assessor for unpaid *ad valorem* taxes on August 26, 2002.

33. The mobile home was situated on the real property at the time of the tax sale.

34. The tax sale redemption period for the real property expired on August 26, 2004.

35. S&S obtained a tax sale deed on November 15, 2005. See Tax Deed, Exhibit C.

36. The tax sale deed purportedly transferred ownership interest of the real property to S&S.

37. The tax sale deed does not mention transfer of ownership or title to the mobile home.

38. The mobile home remained situated on the real property at the time of the purported transfer of ownership of the land from S&S to the Debtor.

39. The quitclaim deed from S&S to the Debtor does not mention transfer of ownership or title to the mobile home.

40. Prior to S&S purchasing the real property via the tax sale, Plaintiff, Ms. Joyce Whitehead owned the real property by deed dated August 10, 1995, and recorded among the land records on October 23, 1995. See Deed, Exhibit D.

41. Ms. Whitehead was the sole owner of the real property at the time of the tax sale.

42. Ms. Whitehead was once married to Mr. Whitehead; they divorced in 1998 and were legally married at the time the tax deed was issued by the Panola County Tax Assessor on November 15, 2005.

43. In May or June, of 1997, Mr. Whitehead and Ms. Whitehead jointly purchased the mobile home for Ms. Whitehead's residence, with the understanding that it would be located on her real property. See Installment Note and Financing Statement, Exhibit E.

44. Upon information and belief, the remaining balance owed on the Plaintiff's mobile home at this time is approximately $51,672 plus late fees, interest, attorney's fees, and court costs.

45. A Certificate of Attachment to Real Property ("Certificate") accurately reflecting Ms. Whitehead's and Mr. Whitehead's joint ownership of the mobile home was never filed in the land records of Panola County affixing the mobile home to the real property for the purposes of *ad valorem* taxation.

46. Because a proper Certificate was never filed in the land records of Panola County, the mobile home did not attach to the land for purposes of *ad valorem* taxation and remained the personal property of Ms. Whitehead and Mr. Whitehead.

47. A Certificate entered in the land records under the names of Joyce Whitehead and Lisa Oliver on May 7, 1997, was legally insufficient to attach the mobile home to the land for the purposes of *ad valorem* taxation because it was issued and filed before the actual sale of the mobile home, in the wrong names, and to individuals who did not both own the mobile home and the underlying real property as required by statute. See Miss. Code. § 27-53-15. See Certificate, Exhibit G.

48. Because Mr. Whitehead is a joint owner of the mobile home, but not an owner of the real property, the mobile home could not affix to the real property for the purposes of *ad valorem* taxation as a matter of Mississippi law. See Miss. Code. § 27-53-15.

49. Ms. Whitehead disputes that she received legal notice of the tax sale and the expiration of the redemption period.

50. Mr. Whitehead disputes that he had actual notice of the tax sale or the expiration of the redemption period.

51. The Panola County tax sale records demonstrate that Mr. Whitehead received no legal notice of the tax sale and the expiration of the redemption period. See Tax Sale Records, Exhibit H.

52. The Panola County tax sale records illustrate that SouthTrust Mobile Service, Inc., which was the mortgagee of the mobile home at the time, and which had filed a UCC financing statement for the mobile home, received no legal notice of the tax sale and expiration of the redemption period as required by law. See Tax Sale Records, Exhibit H, and Installment Note and Financing Statement, Exhibit E.

53. As a matter of law, the tax sale did not convey the personal property of Mr. and Mrs. Whitehead to the tax sale purchaser, S&S.

54. As a matter of law, the Debtor did not obtain title to the mobile home when he purchased the real property from S&S.

55. Nevertheless, the Debtor sued Ms. Whitehead for possession and money damages in Justice Court in Panola County, First Judicial District, on November 13, 2007 in *William Holyfield v. Joyce Whitehead*, Justice Court Case Number 38822.

56. The Justice Court opinion was subsequently appealed to the Circuit Court of Panola County in *William Holyfield v. Joyce Whitehead*, Cause No. CV 2008-12BP1.

57. The Debtor obtained actual possession of the mobile home by order of the Panola County Circuit Court in February or March 2009.

58. No issues concerning the validity of the tax sale or whether the mobile home was properly designated as part of the real property have been decided in the State Court Proceedings.

59. Because of Debtor's pending bankruptcy proceedings, Plaintiffs have initiated this action in this Court.

60. Pursuant to his claims in state court, the Debtor claims that Ms. Whitehead owes him approximately $18,000 in rent arrears, costs, and attorneys' fees at this time, a

claim that does not appear as an asset on the Debtor's Schedules.

61. Upon information and belief, the Debtor has been collecting rents for the mobile home since on or around March 2007 and continues to collect rent for it from unknown tenants.

62. The Debtor has denied both Mr. Whitehead and Ms. Whitehead use and possession of the mobile home since on or around March 2007.

63. Upon information and belief, the Debtor or his agents had actual knowledge that Mr. Whitehead and Ms. Whitehead jointly owned the mobile home at the time the Debtor took possession of the mobile home.

64. Plaintiffs assert that the Debtor willfully and maliciously claimed ownership and possession of the mobile home although he or his agents knew that the mobile home was not sold pursuant to the tax sale, and even though Mr. Whitehead jointly owned the mobile home, and that the land records failed to reflect his ownership, the Debtor took possession of the mobile home by acting against Ms. Whitehead alone.

65. Upon information and belief, the Debtor has wrongfully, willfully, and maliciously converted the mobile home to his own possession and use without right or justification and without colorable claim of proper title under Mississippi law.

66. WHEREFORE, Plaintiffs seeks a declaration that the mobile home is, and has at all relevant times, been owned by the Plaintiffs and that a purported transfer of ownership of the mobile home to the Debtor never occurred by way of the tax sale or quitclaim deed. Plaintiffs also seek an order requiring the Debtor and the Trustee to deliver possession of the mobile home to the Plaintiffs.

## **COUNT II**

### CONVERSION OF PERSONAL PROPERTY
### BELONGING TO THE PLAINTIFFS

67. Paragraphs 1 through 66 are incorporated herein by reference.

68. Plaintiffs respectfully submit that they are the true owners of the mobile home.

69. The Debtor has taken actual possession of the mobile home from the Plaintiffs, exercised ownership and dominion over the mobile home, and has denied the Plaintiffs use and possession of the mobile home since on or around March 2007.

70. The lender of the mobile home asserts that the Plaintiffs currently owe approximately $51,672 in principle on the purchase money loan the Plaintiffs made to purchase the mobile home, approximately $15,325 in interest, late fees, penalties and other costs, as well as $10,050 in attorneys fees plus interest and court costs.

71. The Plaintiffs are currently defending claims brought by the mobile home lender in *Vanderbilt v. L.V. and Joyce Whitehead,* Cause Number 2009-060MP1 against them to repossess the mobile home and to get a money judgment against the Plaintiffs in the amount of $66,997, plus attorneys' fees and costs.

72. Upon information and belief, the value of the mobile home and real property as listed by Debtor at the time he converted or wrongfully exercised dominion over the mobile home was approximately $25,344.

73. The Debtor purportedly obtained a loan in the amount of $25,000 from William Wallace that is secured by a deed of trust on the real property/mobile home. See Wallace Deed of Trust, Exhibit H.

74. The Debtor has been unjustly enriched in the amount of the value of the mobile

well as for the amount of the loan he received using the mobile home as collateral.

75. The Plaintiff, Ms. Whitehead, has been damaged by having to pay rent to the Debtor and third parties in the approximate amount of $5,000 because of the Debtor's unlawful conversion and wrongful possession of the mobile home.

76. The Plaintiffs have been damaged in the approximate amount of $5,000 by the Debtor exercising ownership of the mobile home and using it without compensating the Plaintiffs for his use.

77. Upon information and belief, the Debtor, or his agents, has wrongfully converted the mobile home with actual knowledge that the mobile home is the personal property of the Plaintiffs.

78. The actions of the Debtor in converting the mobile home with actual knowledge that he was without right of ownership were willful and malicious in that the Debtor knew or should have known that the transaction through which he putatively obtained ownership of the mobile home conveyed only the real property and not the personal property of the Plaintiffs and that the Debtor was acting in blatant disregard of Ms. and Mr. Whitehead's rights as an owner of the mobile home.

79. WHEREFORE, the Plaintiffs seek a money judgment against the Debtor in the amount of the market value of the mobile home at the time of the conversion, plus the amount of the encumbrances by the Debtor of the mobile home, punitive and consequential damages, in an amount to be determined at trial.

## **COUNT III**

### LOST RENTS/PROFITS AND IMPLIED CONSTRUCTIVE TRUST

80. Paragraphs 1 through 79 are incorporated herein by reference.

81. The Plaintiffs respectfully submit that they are the true owners of the mobile home.

82. The Debtor has through unconscionable conduct and questionable means obtained rights to the mobile home, which he ought not to, in equity and good conscience, hold and enjoy.

83. A confidential relationship arose between the Plaintiff, Ms. Whitehead, and the Debtor when he held himself out to be the owner of the mobile home and thereby convinced her thereof.

84. The Debtor further established such confidential relationship by using domination and influence over the Plaintiff in order to enter into an invalid Lessor – Lessee relationship with her.

85. The Debtor willfully and maliciously abused such confidence to obtain rights to the mobile home, which belonged to the Plaintiffs.

86. The Debtor has been unjustly enriched through his breach of confidence and unconscionable conduct.

87. The Debtor has been collecting rent for the mobile home from third parties in an amount unknown to the Plaintiffs.

88. Upon information and belief, the Debtor obtained a $25,000 loan using the mobile home as collateral. See Wallace Deed of Trust, Exhibit H.

89. As the true owners in interest, whose use of the mobile home has been wrongfully denied by the Debtor, the Plaintiffs are entitled to the proceeds of the Debtor's use

of the mobile home.

90. Specifically, Plaintiffs assert that this Court should deem that any such rent, profits, or loan proceeds, which Debtor received in regard to the mobile home, should be held in constructive trust for Plaintiffs' benefit.

91. WHEREFORE, Plaintiffs seek a money judgment and constructive trust for lost rents, profits, and loan proceeds against the Debtor in an amount to be proven at trial.

## COUNT IV

### WILLFUL VIOLATION OF CHAPTER 13 BANKRUPTCY STAY

92. Paragraphs 1 through 91 are incorporated herein by reference.

93. The Plaintiff, Ms. Whitehead, filed Chapter 13 Bankruptcy on December 23, 2004.

94. Ms. Whitehead's bankruptcy was dismissed on February 5, 2008.

95. The defendant filed a complaint against Ms. Whitehead for eviction and a money judgment in Panola County Justice Court on November 13, 2007, during Ms. Whitehead's bankruptcy.

96. Defendant or his agents had actual knowledge that Ms. Whitehead had declared the mobile home as personal property of her Chapter 13 bankruptcy estate at the time Defendant sued her to obtain possession of the mobile home and pursued that lawsuit to judgment despite actual notice of Plaintiff's bankruptcy stay in violation of 11 U.S.C. § 362 and that the mobile home was part of her bankruptcy estate.

97. Defendant knowingly and willfully violated Ms. Whitehead's automatic bankruptcy stay.

98. Ms. Whitehead's bankruptcy was terminated on December 15, 2008.

99. The automatic stay protection applied to Mr. Whitehead with respect to the mobile

13

home because he is a co-debtor of the mobile home.

100. The Debtor's actions therefore also violated the automatic stay with regard to Mr. Whitehead's co-ownership of the mobile home.

101. WHEREFORE, the Plaintiffs pray this Court award actual damages, punitive damages, and attorneys' fees and court costs to Ms. Whitehead and Mr. Whitehead in an amount to be determined at trial for willful violation of her bankruptcy stay.

### **COUNT V**

DENIAL OF DISCHARGEABILITY PURSUANT TO 11 USC §523

102. Paragraphs 1 through 101 are incorporated herein by reference.

103. The Debtor has had actual knowledge since 2007 of the Plaintiffs claims of title and right to possess the mobile home.

104. The Debtor has failed to list the Plaintiffs as creditors on his bankruptcy schedules. See Debtor's Bankruptcy Schedules D, E, & F, Exhibit I.

105. Because of the Debtor's failure to list the Plaintiffs as creditors, the Plaintiffs did not have actual knowledge or notice of Debtor's pending bankruptcy in time to file a timely proof of claim.

106. The deadline for filing a timely proof of claim in the Debtor's bankruptcy was July 9, 2008.

107. The actions of the Debtor in exercising control and dominion over the mobile home that belongs to the Plaintiffs was willful, malicious, and in reckless disregard for the rights of Plaintiffs, and therefore Debtors actions constituted an intentional tort.

108. The Debtor knew that the effect of his actions would be to deny the Plaintiffs the

14

fruits and benefits of their ownership of the mobile home and that it would subject them to claims of their lender for payment of a significant debt obligation on the mobile home that the Debtor wrongfully converted.

109. The Debtor had actual knowledge that Ms. Whitehead was under the protection of a bankruptcy stay at the time he sued her and continued prosecuting his lawsuit against her to judgment for possession of the mobile home, which he knew was an asset of her bankruptcy estate. See Joyce Whitehead Bankruptcy Schedule A, Exhibit J.

110. The Debtor willfully and maliciously injured the Plaintiffs by his actions.

111. WHEREFORE, Plaintiffs pray that this Court issue an order that the debts of the Debtor to the Plaintiffs for wrongful conversion, lost rents and profits, and for other damages, will not be discharged pursuant to Section 523(a)(3) and Section 523(a)(6) of the Bankruptcy Code.

### **PRAYERS FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court:

A. Enter an order that 1) determines that the mobile home was never lawfully affixed to the real property sold at tax sale on August 26, 2002 and, therefore, could not be sold for collection of *ad valorem* taxes as a matter of law, but instead remained the personal property of the Plaintiffs; 2) determines that the Debtor acquired no ownership interest in the mobile home by way of the quitclaim deed dated January 22, 2006; 3) affirms the Plaintiffs' lawful ownership and possession of the mobile home as joint tenants under the Installment Note, Security Agreement, and Disclosure Statement dated June 18,

1997; and 4) requires the Debtor and Trustee and Unknown Tenants to deliver possession of the mobile home to the Plaintiffs.

B. Enter an order awarding damages and creating a constructive trust against the Debtor in an amount to be determined at trial, but no less than $100,000 for damages arising from wrongful conversion, unpaid rent, loan proceeds, and lost rents and profits.

C. Enter an order awarding a judgment for punitive damages against the Debtor in the amount of $20,000 for his actions in willfully and maliciously converting the mobile home despite his actual knowledge that the mobile home was the personal property of Mr. and Ms. Whitehead.

D. Enter an order awarding damages against the Debtor in an amount to be determined at trial, but no less than $20,000 for damages arising from willful violation of Mr. and Ms. Whitehead's Chapter 13 Bankruptcy stay.

E. Enter an order releasing as void and unenforceable the Wallace Deed of Trust.

F. Enter an order denying a discharge to the Debtor for all the debts to the Plaintiffs.

G. Award such other and further relief against the Debtor as this Court may deem just and proper.

Respectfully submitted,
L.V. Whitehead and Joyce Whitehead


By: /s/ David L. Calder
David L. Calder, MSB No. 7686

                                  The University of Mississippi School of Law  
                                  Civil Legal Clinic  
                                  P.O. Box 4808  
                                  University, MS  38677  
                                  (662) 915-7429  
                                  (662) 915-7447 fax  
                                  davidcalder23@gmail.com