UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:  WILLIAM HOLYFIELD                                           CASE NO. 08-10735-DWH

JOYCE WHITEHEAD and L. V. WHITEHEAD                                 PLAINTIFFS

VERSUS                                                              ADV. PROC. NO. 09-1177-DWH

WILLIAM HOLYFIELD, LOCKE D. BARKLEY,
WILLIAM B. WALLACE, and UNKNOWN TENANTS                             DEFENDANTS

OPINION

On consideration before the court is a motion for partial summary judgment filed by the plaintiffs, Joyce Whitehead, ("Whitehead"), and L. V. Whitehead, applicable to their complaint against the defendants, William Holyfield, ("Holyfield"), William Wallace, ("Wallace"), and Panola County, Mississippi, ("Panola County"); a response having been filed jointly by Holyfield and Wallace; a separate response having been filed by Panola County; and the court, having considered same, hereby finds as follows, to wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core adversary proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (E), and (O).

II.

Chronology of Facts

Joyce Whitehead was the sole grantee in a warranty deed from Wallace dated August 10, 1995, and recorded on October 23, 1995, by which she obtained title to a parcel of real property located at 15082 Old Panola Road, Como, Mississippi.

Almost two years later, Whitehead financed the purchase of a 1997 Redman Mobile Home, Serial No. 14719008, which was placed on the aforementioned real property. In conjunction with the registration of the mobile home for ad valorem taxation, the Panola County Tax Assessor issued a certificate to the effect that the mobile home was to be classified as real estate pursuant to Miss. Code Ann. § 27-53-15. This certificate, which reflected the owners of the mobile home as "Lisa Oliver & Joyce Whitehead," was dated May 7, 1997, and was recorded in the office of the Panola County Chancery Clerk on June 24, 1997, in Book B-13 at page 159.

Although it is undisputed that Lisa Oliver, who is Whitehead's daughter, executed some of the documentation regarding the mobile home, the document which evidenced the financing of the purchase of the mobile home from the seller, Holloway Homes, Inc., ("Holloway Homes"), was an installment note, security agreement and disclosure statement dated June 18, 1997, which was executed by Whitehead and L. V. Whitehead. Holloway Homes had previously executed a bill of sale, conveying title to the mobile home to Whitehead and L. V. Whitehead on May 23, 1997. Holloway Homes assigned its interest in the installment note and security agreement to SouthTrust Mobile Services, Inc., ("SouthTrust"). In connection with the assignment, UCC financing statements were filed with the Office of the Mississippi Secretary of State and the Office of the Panola County Chancery Clerk on June 30, 1997 and July 1, 1997, respectively, reflecting Holloway Homes as the secured party and SouthTrust as its assignee.

On August 26, 2002, the Panola County Tax Collector conducted a tax sale and sold the real property to S & S Properties, LLC, ("S & S"), for delinquent ad valorem taxes assessed for 2001. The redemption period applicable to the tax sale expired on August 26, 2004. Since the

2

property was not timely redeemed from the sale, S & S received a tax deed dated November 15, 2005, which was recorded on November 16, 2005.

While Whitehead is not the debtor in the above captioned bankruptcy case, subsequent to the expiration of the tax sale redemption period, she did file a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (Case No. 04-18158), on December 24, 2004. In her bankruptcy schedules, she listed the mobile home and the underlying real property as assets, as well as, SouthTrust as her only creditor. Her confirmed Chapter 13 plan provided for monthly payments to SouthTrust on the debt secured by the mobile home. While Whitehead's bankruptcy case was pending, the following events occurred:

1. In February, 2005, a "Continuing Irrevocable Power of Attorney" was executed on behalf of SouthTrust conveying certain power and authority to Vanderbilt Mortgage and Finance, Inc., ("Vanderbilt").

2. Whitehead entered into a purported payment agreement with S & S, which was evidenced in an S & S letter sent to Whitehead on October 26, 2006. According to the letter, Whitehead had defaulted on the payment agreement, and S & S demanded payment in full within ten days from the date of the letter. Whitehead was unable to comply with this demand.

3. In January, 2007, S & S conveyed the real property to Holyfield by a quitclaim deed dated January 22, 2006 [sic], which was recorded in the land records of Panola County on January 29, 2007. Although the sole grantee in the quitclaim deed was Holyfield, both Holyfield and Wallace admit that they were partners in the transaction to purchase the property from S & S. (The parties agree that the

3

quitclaim deed contains a scrivener's error, and the correct date of the deed should actually be January 22, 2007.)

4. On February 15, 2007, Thomas S. Shuler, as attorney for Holyfield, sent Whitehead a letter demanding that she immediately vacate the property. In this letter, Shuler stated that the property was not involved in Whitehead's bankruptcy, and, that her bankruptcy filing would have no effect on the ownership of the property.

5. In March, 2007, Whitehead executed a rental agreement to lease the mobile home from Holyfield. The rental agreement reflects Holyfield as the "owner" and Whitehead and L. V. Whitehead as the "renters."

6. In May, 2007, and again in November, 2007, Holyfield filed suit against Whitehead for eviction and a money judgment in the Justice Court of Panola County.

7. On January 8, 2008, the Justice Court of Panola County granted Holyfield a judgment against Whitehead for eviction and money damages in the amount of $1,263.50.

8. On January 14, 2008, Whitehead filed a notice of appeal to the Circuit Court of Panola County.

Holyfield never sought, nor obtained, an order lifting the automatic stay while Whitehead's Chapter 13 bankruptcy case was pending. An agreed order dismissing Whitehead's case was entered on February 5, 2008, and the case was closed on December 15, 2008.

4

On February 25, 2008, Holyfield, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the above captioned case. Holyfield listed "real property – Old Panola Road, Como, First Judicial District, Panola County, MS" as an asset in his bankruptcy schedules. At the time Holyfield's bankruptcy petition was filed, Whitehead's appeal of the Panola County Justice Court judgment was still pending in the Panola County Circuit Court.

On December 2, 2008, the Panola County Circuit Court granted Holyfield a judgment of eviction against Whitehead, and adjudicated that Holyfield was entitled to unpaid rent. However, the matter was continued until February 12, 2009, for a further hearing to determine the total amount of the rent due. Whitehead lived in the mobile home until February or March, 2009.

After the judgment of eviction was granted by the circuit court, Whitehead filed a motion for relief from the judgment, asserting that it was void, and to dismiss the cause of action for lack of jurisdiction. This motion was denied by the circuit court on April 30, 2009.

On September 29, 2009, Whitehead and L. V. Whitehead filed this adversary proceeding. Subsequent thereto, they received a document titled "Assignment of Interest in Security Agreement" from Vanderbilt pertaining to the mobile home. As a result, Vanderbilt apparently relinquished its security interest, if any still existed, in the mobile home.

### III.

In their complaint, the plaintiffs assert that the mobile home was improperly registered as real property by the Panola County Tax Assessor. As a result, they contend that neither the co-owner, L. V. Whitehead, nor the lienholder, SouthTrust, received notice of the tax sale or notice of the expiration of the redemption period. Although Whitehead received notice of the expiration of the redemption period, the plaintiffs allege that the notice issued by mail was insufficient under

Mississippi law. They also assert that the notice of the tax sale failed to provide adequate notice that the mobile home would be sold along with the land. Consequently, they contend that the mobile home was not lawfully sold pursuant to the tax sale.

Additionally, the plaintiffs allege that Holyfield and Wallace violated the automatic stay imposed by §§ 362 and 1301 of the Bankruptcy Code by bringing state court claims against Whitehead for a money judgment and for possession and control of the mobile home while Whitehead and L. V. Whitehead (as a co-debtor and a co-owner of the mobile home) were protected by the automatic stay. In their response, Holyfield and Wallace contend that there was no violation of the automatic stay because the state court action was an attempt to collect a post-petition debt owed by Whitehead and, furthermore, that the mobile home was not part of her bankruptcy estate. Holyfield and Wallace additionally allege that the doctrines of res judicata and collateral estoppel are applicable because the right to possession of the mobile home was fully litigated in the Panola County Circuit Court.

In the motion now before the court, the plaintiffs seek partial summary judgment on the following counts of their amended complaint:

1. Title to and Delivery of the Mobile Home (Count I as to defendants Holyfield and Wallace) - the plaintiffs seek a determination that the transfer of ownership of the mobile home never occurred through the tax sale or the subsequent quitclaim deed from S & S to Holyfield.

2. Claim and Delivery of the Mobile Home (Count II as to defendants Holyfield and Wallace) - the plaintiffs seek an order granting ownership and possession of the mobile home to themselves.

3. Willful Violations of the Automatic Stay (Count V as to defendants Holyfield and Wallace) - the plaintiffs seek an award of monetary damages, attorney's fees, and court costs for willful violations of the automatic stay.

4. Void Tax Sale (Count I as to defendant Panola County) - the plaintiffs seek an order requiring Panola County to void the tax sale as to the mobile home and to re-register the mobile home as personal property, retroactively, from the date of the original certification.

## IV.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Miss. Bankr. L.R. 7056-1. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987), *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips*,

812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

## V.

Following a review of the motion for partial summary judgment, the responses thereto, and the parties' memoranda of law, the court is of the opinion that there are numerous material factual issues remaining in dispute, to-wit:

1. Whether Panola County properly certified the mobile home as real property.

2. What notice, if any, should have been given to the co-owner and lienholder that the mobile home was being classified as real property.

3. Whether notice of the expiration of the tax sale redemption period was effectively given to Whitehead.

4. What effect the tax sale has on the co-owner and lienholder of the mobile home if neither received notice of the tax sale or the expiration of the tax sale redemption period.

5. Whether the automatic stay precluded the litigation initiated by the defendants against Whitehead in the Panola County Justice Court and the Panola County Circuit Court.

6. Whether the state court litigation violated the co-debtor automatic stay insofar as L. V. Whitehead was concerned.

7. The underpinnings of the state court judgments must be examined in order for this court to determine whether the *Rooker-Feldman* doctrine, as well as, the defenses of res judicata and collateral estoppel are applicable.

8. The underpinnings of the purported repayment agreement that Whitehead entered into with S & S, as well as, the rental agreement that Whitehead entered into with Holyfield must be examined so that the court can determine whether the defense of waiver can be established.

A separate order, consistent with this opinion, will be entered contemporaneously herewith.

This the 26th day of September, 2011.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE